## LANDER vs. SMITH.

*Sixth District Court for Sacramento Co., Dec. T.,* 1857.

ASSETS—JURISDICTION.

The residence of the debtor, at the death of the creditor, determines the jurisdiction of the assets, and it is doubtful whether a judgment obtained by an administrator, in his own name, can affect this jurisdiction.

Before the question of jurisdiction can arise, it must appear where the debtor did reside at the death of the creditor.

On demurrer to the complaint specifying as ground for demurrer, that the plaintiff has not legal capacity to sue. Argument was had on the question of law and was decided by this court, and the facts and opinion will be found in 1 *Cal. District Court R.,* 318. A rehearing was granted at the instance of plaintiff, and the question again submitted to the court.

(The names of counsel have not been furnished.)

BOTTS, J.—When this case was presented before, I sustained the demurrer. A rehearing having been granted, the subject has been handled with great ability by the counsel on both sides. They both referme to the case of *Hall* v. *Harrison,* 21 *Missouri,* 227. The defendant, particularly, relies on this case to sustain his position. Now that case is exactly in point, and as the reasoning of the learned judge who decided it meets my entire approbation, I shall make it the guide to my decision in this.

Judge *Leonard* thinks that much may be said in support of the doctrine that the residence of the debtor at the death of the creditor determines the jurisdiction of the assets; and he, at least, doubts whether a subsequent judgment, obtained by an administrator in his own name, can affect this jurisdiction. But he says, before that question can arise, it must appear where the debtor did reside at the death of the creditor. In the absence of any such showing, everything will be intended in favor of the judgment obtained by the administrator; and therefore, as he overruled the demurrer in that case, I shall overrule the demurrer in this.